# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GLENN RIPPLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CV- 1778 JCH |
| CITY OF ST. LOUIS, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon several motions filed by the parties. By way of background, Plaintiff Glenn Rippley originally filed this action against the City of St. Louis, Missouri ("St. Louis City") and the St. Louis Metropolitan Police Department ("SLMPD") on April 25, 2019, in the Southern District of Illinois. (ECF No. 1). Plaintiff raised two distinct issues in separate counts. In his first count, Plaintiff alleged he was denied a jury trial on three traffic violations incurred in November, 2018. In his second count, Plaintiff raised several issues regarding a possible rape conviction stemming from a May, 2017 incident. On June 20, 2019, the Honorable J. Phil Gilbert, Senior United States District Judge in the Southern District of Illinois, transferred the action to this Court. (ECF No. 6). The case originally was assigned to United States Magistrate Judge Noelle C. Collins, but was transferred to the undersigned on July 2, 2019. (ECF No. 10).

On July 10, 2019, Plaintiff filed both a Motion to Amend and a Motion to Proceed In Forma Pauperis. (ECF Nos. 13, 14). With respect to the Motion to Proceed In Forma Pauperis, the Court previously denied a similar motion because Plaintiff paid the full filing fee in this

action. (ECF Nos. 11, 12). The Court will deny Plaintiff's second Motion to Proceed In Forma Pauperis for this same reason.

In Count I of his proposed Amended Complaint, Plaintiff restates his claim that he was denied a jury trial on three traffic violations incurred in November, 2018. (ECF No. 17). Plaintiff further alleges both race and age discrimination. (*Id.*, P. 3). As relief, Plaintiff seeks the "expungement of all police reports of the 3 traffic tickets and the dissmissal (sic) of all three traffic tickets removed from my Missouri police record." (*Id.*, P. 16).[1]

In Count II of his proposed Amended Complaint, Plaintiff restates his claims regarding a possible rape conviction stemming from a May, 2017 incident. (ECF No. 13-1). Plaintiff claims that as a result of Defendants' actions, he has suffered "irreversable (sic) financial damages, and slander of his good name and is on record as a felony rape offender when Plaintiff is innocent of all charges." (*Id.*, P. 4). As relief, Plaintiff seeks $50,000.00 in actual damages, for the "legal destruction of his livelyhood (sic)", and $50,000.00 in punitive damages. (*Id.*). Plaintiff further requests "a federal order for the relief of expungement of all criminal records of this event and any other charges or reports made on the criminal record of Plaintiff Glenn Austin Rippley." (*Id.*).[2]

On August 2, 2019, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Supplemental Complaint, asserting Plaintiff fails to state a claim for which relief may be granted. (ECF No. 23).

---

[1] In his request for relief on Count I, Plaintiff also seeks "the expungement of police report 'CN 17-022485' and all police booking and finger printing removed from record, and expungement of Exibit (sic) 6-A attached." These references appear to be connected to Count II of Plaintiff's proposed Amended Complaint.
[2] The Court notes that it was unable to ascertain Plaintiff's state court criminal case number on Missouri.Case.Net relating to the alleged rape and/or kidnapping conviction he has referred to in his proposed Amended Complaint.

**DISCUSSION**

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. These statutes differ in both scope and operation, however.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by Plaintiff to see what type of action he is seeking. If Plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. If Plaintiff is seeking to expunge or vacate his conviction, however, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, Plaintiff apparently is seeking both money damages and to vacate and expunge his convictions. This appears to be a "hybrid" action of some sort, where Plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254. The Court will not allow Plaintiff to proceed under both statutes simultaneously in one action. If he wishes to bring both actions in this Court, he must file two separate cases, seeking separate relief under the two different statutes.

As Plaintiff originally filed the present action pursuant to 42 U.S.C. § 1983, the Court will presume Plaintiff wishes to continue to proceed in this action under § 1983 and allow Plaintiff to amend his complaint on a Court-provided form, with only his civil rights claims for

monetary damages.³ Plaintiff must follow the Court's instructions relating to the filing of his Second Amended Complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his Second Amended Complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the Defendants against whom he is pursuing allegations, and he must articulate, <u>for each of those Defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the Defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is bringing claims against Defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).⁴

---

³ As noted above, in his prayer for relief in his proposed Amended Complaint, Plaintiff seeks the "expungement of all police reports of the 3 traffic tickets and the dismissal (sic) of all three traffic tickets removed from my Missouri police record", and "a federal order for the relief of expungement of all criminal records of this event and any other charges or reports made on the criminal record of Plaintiff Glenn Austin Rippley." This Court is not a court of appeals for state court criminal convictions. Particularly, these matters cannot be brought before this Court within a § 1983 action. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "[R]eview of state court decisions may be had only in the Supreme Court." *Id.* As a result, Plaintiff is cautioned not to include his requests for expungement in his Second Amended Complaint under § 1983.

⁴ To state a claim against a municipality, such as St. Louis City, or a government official in his or her official capacity, Plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell*, 436 U.S. at 690-91. Plaintiff's

Plaintiff shall have thirty (30) days from the date of this Order to file his Second Amended Complaint. Plaintiff is warned that the filing of the Second Amended Complaint **completely replaces** the original and amended complaints, and claims that are not re-alleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file his Second Amended Complaint within thirty (30) days, the Court will dismiss this action without prejudice.[5]

Furthermore, the Court will provide Plaintiff with a § 2254 form, in case he wishes to file a separate action in this Court for habeas corpus relief and the jurisdictional requirements under the statute are met.[6] *See, e.g., Morales v. United States,* 304 F.3d 764, 767 (8th Cir. 2002). Plaintiff is warned that if he files a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or successive motions. That is, Plaintiff will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the

---

proposed Amended Complaint does not contain any allegations that a policy or custom of St. Louis City or the SLMPD was responsible for the alleged violations of Plaintiff's constitutional rights. As a result, the proposed Amended Complaint fails to state a claim upon which relief can be granted at this time.

[5] To the extent Plaintiff seeks monetary damages allegedly resulting from his convictions in his Second Amended Complaint, he is cautioned that "[a] prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus." *Winters v. Lytle,* 2019 WL 2525782, at *2 (E.D. Mo. Jun. 19, 2019) (citing *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995)).

[6] Before seeking federal habeas relief, Plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy,* 455 U.S. 509, 520 (1982); *Frederickson v. Wood,* 87 F.3d 244, 245 (8th Cir. 1996). The state courts must have an opportunity to review the merits of Plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia,* 372 U.S. 391 (1963); *Tyler v. Swenson,* 527 F.2d 877 (8th Cir. 1976).

requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Furthermore, Plaintiff is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Motion for Leave to Proceed In Forma Pauperis (ECF No. 14) is **DENIED** as moot, as Plaintiff has already paid the filing fee in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 13) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Supplemental Complaint (ECF No. 23) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that if Plaintiff fails timely to file a Second Amended Complaint or fails to comply with the instructions set forth above relating to the filing of the Second Amended Complaint, the Court shall dismiss this action without prejudice.

Dated this 18th Day of September, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE