# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GLENN RIPPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV- 1778 JCH |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis's Motion to Dismiss Plaintiff's Second Amended Complaint, filed October 7, 2019. (ECF No. 33). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Glenn Rippley originally filed this action against the City of St. Louis, Missouri ("City") and the St. Louis Metropolitan Police Department on April 25, 2019, in the Southern District of Illinois. (ECF No. 1). Plaintiff raised two distinct issues in separate counts. In his first count, Plaintiff alleged he was denied a jury trial on three traffic violations incurred in November, 2018. In his second count, Plaintiff raised several issues regarding a possible rape conviction stemming from a May, 2017 incident. On June 20, 2019, the Honorable J. Phil Gilbert, Senior United States District Judge in the Southern District of Illinois, transferred the action to this Court. (ECF No. 6). The case originally was assigned to United States Magistrate Judge Noelle C. Collins, but was transferred to the undersigned on July 2, 2019. (ECF No. 10).

On July 10, 2019, Plaintiff filed a proposed Amended Complaint. (ECF No. 17). In Count I of his proposed Amended Complaint, Plaintiff restated his claim that he was denied a

jury trial on three traffic violations incurred in November, 2018. Plaintiff further alleged both race and age discrimination. As relief, Plaintiff sought the "expungement of all police reports of the 3 traffic tickets and the dissmissal (sic) of all three traffic tickets removed from my Missouri police record." (*Id.*, P. 16).[1]

In Count II of his proposed Amended Complaint, Plaintiff restated his claims regarding a possible rape conviction stemming from a May, 2017 incident. (ECF No. 13-1). Plaintiff claimed that as a result of Defendants' actions, he has suffered "irreversable (sic) financial damages, and slander of his good name and is on record as a felony rape offender when Plaintiff is innocent of all charges." (*Id.*, P. 4). As relief, Plaintiff sought $50,000.00 in actual damages, for the "legal destruction of his livelyhood (sic)", and $50,000.00 in punitive damages. (*Id.*). Plaintiff further requested "a federal order for the relief of expungement of all criminal records of this event and any other charges or reports made on the criminal record of Plaintiff Glenn Austin Rippley." (*Id.*).

On August 2, 2019, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Supplemental Complaint, asserting Plaintiff failed to state a claim for which relief may be granted. (ECF No. 23). In an Order entered September 18, 2019, the Court noted that because Plaintiff was seeking both money damages and to vacate and expunge his convictions, his action was a hybrid of sorts, in which he sought relief under 42 U.S.C. § 1983, the federal civil rights statute, and under 28 U.S.C. § 2254, the federal habeas corpus statute. (ECF No. 29). The Court stated it would not allow Plaintiff to proceed under both statutes simultaneously in one action. Because Plaintiff originally filed his action pursuant to 42 U.S.C. § 1983, the Court presumed he

---

[1] In his request for relief on Count I, Plaintiff also sought "the expungement of police report 'CN 17-022485' and all police booking and finger printing removed from record, and expungement of Exibit (sic) 6-A attached." Those references appear to be connected to Count II of Plaintiff's proposed Amended Complaint.

wished to continue to proceed in this action under that section. It therefore ordered Plaintiff to amend his complaint on a Court-provided form, with only his civil rights claims for monetary damages.[2] The Court warned Plaintiff it was not a court of appeals for state court criminal convictions, and thus Plaintiff could not seek expungement and dismissal of his traffic tickets and/or other charges through a § 1983 action. *See Id.*, P. 4 n. 3 (citing *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996)). The Court further cautioned that in order to state a claim against a municipality, such as St. Louis City, or a government official in his or her official capacity, Plaintiff must allege that a policy or custom of the governmental entity was responsible for the alleged constitutional violation. *See Id.*, P. 4 n. 4 (citing *Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978)). Finally, to the extent Plaintiff sought monetary damages allegedly resulting from his convictions in his proposed Amended Complaint, he was reminded that "[a] prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus." *See Id.*, P. 5 n. 5 (quoting *Winters v. Lytle*, 2019 WL 2525782, at *2 (E.D. Mo. Jun. 19, 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995))).

Plaintiff filed his Second Amended Complaint on September 23, 2019, naming as Defendants the City of St. Louis and Andre L. Smith.[3] (ECF No. 30). In Count I of his Second Amended Complaint, Plaintiff again alleges he was denied a jury trial on three traffic violations incurred in November, 2018, and further asserts the deprivation was due to race discrimination.

---

[2] The Court provided Plaintiff with a § 2254 form as well, in case he wished to file a separate action in this Court for habeas corpus relief. To date, Plaintiff has not filed such an action.

[3] Mr. Smith has not yet been served in this matter. The Court notes the Summons was issued in the name of Andrea L. Smith. (*See* ECF No. 31).

As relief, Plaintiff seeks "jury trials to be reinstated at misdemeanor offenses and any other the court deems just." (*Id.*, P. 7). In Count II, Plaintiff restates his claims regarding a possible rape charge stemming from a May, 2017 incident. (*Id.*, PP. 4-5).[4] Plaintiff claims that as a result of Defendants' actions he has suffered, among other things, degradation of character, mental anguish, and financial harm. (*Id.*, P. 5). As relief for Count II, Plaintiff seeks "to have Police report CN17-022485 to be removed or expunged…and one thousand dollars and all court expences (sic) to be reimbursed by Andre L. Smith…" (*Id.*, P. 7).

As noted above, Defendant City of St. Louis filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint on October 7, 2019, asserting Plaintiff fails to state a claim against the City for which relief may be granted. (ECF No. 33).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

[4] According to Plaintiff, Mr. Smith was the arresting officer during the May, 2017 incident.

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Denial Of Jury Trial

As noted above, in Count I of his Second Amended Complaint Plaintiff alleges he was denied a jury trial on three traffic violations incurred in November, 2018. As relief, Plaintiff seeks "jury trials to be reinstated at misdemeanor offenses and any other the court deems just." The Court notes that although the Fourteenth Amendment imposes upon States the requirement that jury trials be available to criminal defendants, "the guarantee of jury trial does not extend to petty crimes." *See Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 219 (1968). None of the municipal offenses for which Plaintiff alleges he was denied the right to trial by jury authorizes a term of imprisonment of more than six months, or a fine of more than $500. The offenses thus are petty crimes, for which no right to trial by jury is guaranteed. *See State ex rel. Cole v. Nigro*, 471 S.W.2d 933, 936 (Mo. banc 1971); *see also Ryan v. Moreland*, 653 S.W.2d 244, 250 n. 3 (Mo. App. 1983) (holding misdemeanors that prescribe the imprisonment of an individual for a period of six months or less, or the fining of an individual of not more than $500, are petty matters). The Court therefore will grant the City's Motion to Dismiss with respect to Count I.

### II. False Arrest/Malicious Prosecution

As the Court construes Count II of Plaintiff's Complaint, Plaintiff claims he was subjected to false arrest and/or malicious prosecution in connection with possible rape and/or kidnapping

charges stemming from a May, 2017 incident.[5]  In its Motion to Dismiss, Defendant City asserts Plaintiff's tort claims are barred by the doctrine of sovereign immunity.  Although Missouri law provides statutory exceptions to sovereign immunity, intentional torts consistently have been found to fall within the shield of sovereign immunity.  *See Shell v. Ebker*, Case No. 4:04CV1817 CAS, 2006 WL 1026982, at *9 (E.D. Mo. Apr. 14, 2006) (collecting cases); *see also Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921-22 (Mo. banc 2016) ("[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities[.]").  Plaintiff does not assert his claims fall within an exception, and so the Court will grant the City's Motion to Dismiss Plaintiff's state-law tort claims on the basis of sovereign immunity.

**III.    Race Discrimination**

In his Second Amended Complaint, Plaintiff includes conclusory allegations that the City's actions were motivated by discrimination on the basis of race.  Plaintiff previously was cautioned that in order to state a claim against a municipality, such as St. Louis City, he must allege that a policy or custom of the governmental entity was responsible for the alleged constitutional violation.  *See Monell*, 436 U.S. at 690-91; *see also Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Plaintiff's Second Amended Complaint does not contain any allegations that a policy or custom of the City was responsible for the alleged

---

[5] The Court was unable to ascertain Plaintiff's state court criminal case number on Missouri.Case.Net relating to the alleged rape and/or kidnapping conviction referenced in his Second Amended Complaint.  Furthermore, Plaintiff himself alleges "the prosecuting attorney has refused to issue charges against Plaintiff but the case is still open…." (ECF No. 30, P. 6).

violations of his constitutional rights, and so this portion of the City's Motion to Dismiss must be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 33) is **GRANTED**, and the City of St. Louis is **DISMISSED** as a Defendant in this matter.

Dated this 13th Day of November, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE